# UNITED STATES DISTRICT COURT
for the
Eastern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )       Case No. 3:10-SW-0017 CMK
)
Swishmail's electronic Microsoft Office files named )
george@exoticcarsus.com.pst and )
sales@exoticcarsus.com.pst )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Electronic Microsoft Office files named george@exoticcarsus.com.pst and sales@exoticcarsus.com.pst. which are 271,360 bytes and 779,254 bytes in size respectively, received by the FBI from Swishmail.

located in the ____Eastern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:

See attachments A and B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC, Section 1343 | Fraud by wire |

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Peter A. Jackson
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/13/10

*Judge's signature*

City and state: Redding, California          Honorable Craig M. Kellison, US Magistrate Judge
*Printed name and title*

BENJAMIN B. WAGNER
United States Attorney
CAROLYN K. DELANEY
Assistant United States Attorney
501 "I" Street
Suite 10 - 100
Sacramento, California

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

AFFIDAVIT

I, Peter A. Jackson, do swear and affirm as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since August 2008. I am presently assigned as a Resident Agent of the Redding Resident Agency in Redding, California, which is in Shasta County and the Eastern District of California. I have held this position since August 2008. As a part of my official duties I investigate cases of criminal fraud. I have conducted and participated in several criminal fraud investigations committed by individuals and organizations. Prior to employment with the FBI, I was a Security Forces Officer in the US Air Force, a military law enforcement position, for seven years.

2. I am currently conducting a criminal investigation regarding wire fraud involving George Thomson and Nikolov Thomson, in violation of Title 18, United States Code, Sections 1343.

1

3. I am familiar with the information contained in this affidavit either through personal investigation or through discussions with other law enforcement officers and witnesses who have obtained information which they have reported to me.

4. Based upon my training and experience I believe that probable cause exists to believe that there is evidence and indicia of the crime of wire fraud in the Swishmail Microsoft Office electronic files named, sales@exoticcarsus.com.pst and george@exoticcarsus.com.pst.

5. On December 1, 2009, Nikolov Thomson received a money wire transfer in the amount of $45,000, in US dollars, as the agreed upon 50 percent payment for the purchase of a 2006 Mercedes-Benz SLR McLaren that was advertised for sale online. This money wire transfer was from a victim, A.M. A.M. sent the money wire transfer from his account at DnB Nor Bank in Oslo, Norway to Nikolov Thomson's account at a Bank of America in New York, New York. On December 4, 2010, Nikolov Thomson made a withdrawal of $45,000 at a Bank of America in Las Vegas, Nevada. Nikolov Thomson negotiated with A.M. to receive an additional $7,500 to start repairs to the Mercedes SLR. On December 15, 2009, A.M sent another wire transfer of $7,500 from Norway to New York. George Thomson or Nikolov Thomson never delivered the Mercedes SLR and did not respond to repeated attempts of further contact by A.M.

6. A similar transaction occurred with a victim, I.Z., in New Jersey. George Thomson was listed as the person

2

1 to contact in an online advertisement of a damaged 2008
2 Lamborghini Gallardo for sale.  On December 7, 2009, I.Z.
3 sent a money wire transfer of $70,500 from I.Z.'s account at
4 Wachovia Bank of Northeast in New Jersey, to Nikolov
5 Thomson's Wells Fargo Bank account in San Francisco,
6 California, to purchase the Lamborghini as agreed upon by
7 both parties.  On December 11, 2009, Nikolov Thomson made a
8 withdrawal of $70,000 at a Wells Fargo Bank in Las Vegas, but
9 the Lamborghini was never delivered to I.Z.  Subsequent,
10 repeated attempts by I.Z. to contact George Thomson or
11 Nikolov Thomson were unsuccessful.

12      7.   On January 5, 2010, I.Z., had his assistant
13 forward 11 e-mail messages to this affiant containing
14 correspondence with George Thomson at
15 george@exoticcarsus.com, and I.Z.  In the e-mail messages,
16 George Thomson and I.Z. negotiate the sales price and terms
17 of delivery for the Lamborghini.

18      8.   The contact telephone number, 916-903-5331,
19 George Thomson advertised online as a contact number was a
20 voice over Internet protocol phone provided by J2 Global
21 Communications.  Nikolov Thomson's e-mail correspondence on
22 September 25, 2009 with J2 Global Communications' customer
23 service was through the e-mail address,
24 sales@exoticcarsusa.com.  On December 30, 2009, Nikolov
25 Thomson requested the phone service for 916-903-5331 be
26 canceled.

27      9.   On November 3, 2010, Swishmail was served with
28 a federal grand jury subpoena for account and subscriber

3

1  information related to the e-mail domain name exoticarsus.com
2  and the website www.exoticcarsusa.com.  On November 8, 2010,
3  Swishmail complied with the subpoena and provided the account
4  and subscriber information for exoticcarsus.com.  The
5  subscriber was Nikolov Thomson.  Swishmail also sent copies
6  of two .PST files from their backup data for exoticarsus.com.
7  This affiant did not open the files or allow another person
8  to open the files because Microsoft Outlook .PST files
9  typically contain e-mail messages that include content.
10         10.  The exoticarsus.com domain name was activated
11  by Swishmail on November 9, 2009.  After the 30 day billing
12  cycle that ended on January 8, 2010, Nikolov's credit card
13  was declined and the account was canceled by Swishmail.  The
14  possibility exists that unopened e-mails will be found in the
15  two .PST files.  George Thomson or Nikolov Thomson no longer
16  have access to the exoticcarsus.com domain due to Swishmail's
17  cancellation of their account.
18         11.  In the event that a piece of digital media is
19  found not to be (a) an instrumentality of the offense, (b) a
20  fruit of the criminal activity, (c) contraband, or (d)
21  evidence of the offenses specified herein, it will be
22  returned as quickly as possible, not to exceed 120 days
23  absent further court authorization.
24         12.  I also hereby request judicial authorization
25  to retain copies of all seized storage media after the review
26  is complete.  Criminal Procedure Rule 41 specifically states
27  "The officer may retain a copy of the electronically stored
28  information that was seized or copied." Fed. R. Crim. P. 41

(f)(1)(B).

13. That judicial authorization is justified in this case in part because:

(a) should the execution of the warrant uncover data that may later need to be introduced into evidence during a trial or other proceeding, the authenticity and the integrity of the evidence and the government's forensic methodology may be contested issues. Retaining copies of seized storage media may be required to prove these facts and the investigator may retain a copy of seized or electronically stored information pursuant to Fed. R. Crim. P. 41(f)(1)(B):

(b) returning the original storage medium to its owner will not allow for the preservation of that evidence. Even routine use may forever change the data it contains, alter system access times, or eliminate data stored on it.

(c) because the investigation is not yet complete, it is not possible to predict all possible defendants against whom evidence found on the storage medium might be used. That evidence might be used against persons who have no possessory interest in the storage media, or against persons yet unknown. Those defendants might be entitled to a copy of the complete storage media in discovery. Retention of a complete image assures that it will be available to all parties, including those known now and those later identified. Forensic analysis may identify further involvement by said individuals.

(d) the act of destroying or returning storage

1 | medium could create an opportunity for a defendant to claim,
2 | falsely, that the destroyed or returned storage medium
3 | contained evidence favorable to him. Maintaining a copy of
4 | the storage medium would permit the government, through an
5 | additional warrant if necessary, to investigate such a claim.
6 |     (e) similarly, should a defendant suggest an
7 | explanation for the presence of evidence on storage medium or
8 | some defense, it may be necessary to investigate such an
9 | explanation or defense by, among other things, reexamining
10 | the storage medium with that explanation or defense in mind.
11 |     14.  I have not attempted to acquire the sought
12 | after material through any other investigative or judicial
13 | process.
14 |     15.  Government personnel will utilize the computer
15 | review protocol set forth in Attachment C.
16 |     16.  Although it is not possible to accurately
17 | predict the exact composition of the review team, given the
18 | very limited computer forensic examination resources
19 | available at present, it is possible that the team may
20 | include one or more agents, computer specialists, analysts,
21 | and/or attorneys including members of the investigative team.
22 | The team will not necessarily consist only of persons with
23 | those job descriptions, and by referencing those job
24 | descriptions, I do not intend to represent anything about the
25 | manner in which the team will conduct its review.  It is also
26 | possible that the review "team" will consist of a single
27 | person.
28 |     17.  Based on the above information, I have

1  probable cause to believe that George Thomson and Nikolov
2  Thomson, have violated Title 18, United States Code, Section
3  1343, wire fraud.
4         18.   In consideration of the foregoing, your
5  affiant respectfully requests that this court issue a search
6  warrant for the items more fully described in Attachment A,
7  to this affidavit and search warrant, which is fully
8  incorporated herein by reference as if fully set forth
9  herein, authorizing the seizure of the items described in
10 Attachment B, which Attachment B is fully incorporated by
11 reference as if fully set forth herein.  I have had this
12 affidavit reviewed by AUSA Carolyn Delaney.
13        19.   The United States requests that the Court
14 order this search warrant and search warrant affidavit be
15 kept under seal until further order of the Court, with the
16 exception that a copy of the search warrant will be provided
17 to Swishmail.  The affiant states that the criminal
18 investigation is continuing, and further interviews, grand
19 jury appearances, and search warrants are contemplated.
20 Disclosure of the contents of this affidavit would seriously
21 impede the investigation by disclosing details of the
22 government's investigation and evidence gathered in
23 connection therewith.  The target and subjects of the
24 investigation would be able to learn the present extent of
25 ///
26 ///
27 ///
28 ///

the government's knowledge. According, the affiant requests that the Court issue an order sealing this affidavit until further order of this Court.

PETER A. JACKSON
Special Agent
Federal Bureau of Investigation
Redding, California

Subscribed and sworn to before me this 13th day of December 2010.

Craig M. Kellison
U.S. Magistrate Judge

8

**ATTACHMENT A**

**ITEMS TO BE SEARCHED:**

Swishmail's electronic Microsoft Office files named george@exoticcarsus.com.pst and sales@exoticcarsus.com.pst related to the domain name exoticcarsus.com which were sent to this affiant on November 8, 2010.

**DESCRIPTION OF ITEMS TO BE SEARCHED:**

Electronic Microsoft Office files named george@exoticcarsus.com.pst and sales@exoticcarsus.com.pst. George@exoticcarsus.com.pst is a file 271,360 bytes in size and sales@exoticcarsus.com.pst is a file 779,254 bytes in size.

**ATTACHMENT B**

**LIST OF ITEMS TO BE SEIZED:**

      a.  Swishmail's electronic Microsoft Office files with the titles george@exoticcarsus.com.pst and sales@exoticcarsus.com.pst related to the domain name exoticcarus.com containing e-mail messages in furtherance of a scheme to defraud victim buyers of damaged luxury vehicles advertised on the Internet.

**ATTACHMENT C**

PROTOCOL FOR SEARCH AND SEIZURE OF COMPUTERS, ELECTRONIC STORAGE DEVICES AND ANY COMPUTER/ELECTRONIC STORAGE MEDIA (COLLECTIVELY "COMPUTER AND ELECTRONIC MEDIA")

1. Any search of computers and electronic media, on site or off, will be performed by a review team which may include agents, computer specialists, analysts, and/or attorneys and personnel presently involved in the investigation or otherwise, or any combination thereof (the "review team"). Original computer and electronic media will be, wherever possible, copied, or imaged, prior to the start of any search for evidence. The review team conducting the search will follow a protocol designed to uncover the information permitted by the terms of the warrant as set forth in attachment B.

2. If computer and electronic media are taken off site, the search for information authorized by the warrant will be completed within 120 days, unless an extension of time is otherwise authorized by the court.

3. Unless otherwise permitted by the court or by the plain view doctrine of the Fourth Amendment, all information not authorized to be seized by the warrant will either be destroyed or, if it may be lawfully possessed, returned to its owner(s) along with all devices initially seized.

4. Notwithstanding the foregoing, if devices are evidence in and of themselves, or are subject to forfeiture as contraband, fruits or instrumentalities of the crimes set

forth in the warrant, the government may retain the devices (and any software and data therein) in their original seized condition.

5. In addition, the review team will make and retain one complete copy of all seized computer and electronic media.